# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| WILLIE JAMES ROGERS, JR., | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:10-CR-00080 (CAR) |
| | : | NO. 5:12-CV-90129 (CAR) |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the Court is Petitioner Willie James Rogers, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Docs. 39, 43. Petitioner pleaded guilty to one count of distributing more than five grams of crack cocaine and was sentenced to seventy-three months imprisonment followed by five years of supervised release.

In his motion, as amended, Petitioner contends that his counsel was ineffective for (1) misinforming Petitioner regarding a two-point recency enhancement and his estimated sentencing range; (2) failing to object to the two-point recency enhancement and therefore allowing Petitioner to be wrongfully sentenced to a range of 70-87 months imprisonment, and (3) failing to object to the Government's alleged breach of the plea agreement based on the application of the two-point recency enhancement.

The record shows that a two-point enhancement was applied in calculating Petitioner's guidelines sentencing range because Petitioner was on probation at the time he committed the offense, not because he committed the offense less than two years after release from imprisonment, as Petitioner contends. Because it is undisputed that Petitioner was on probation at the time he committed the offense, the two-point enhancement applied to Petitioner. Petitioner

1

has failed to show, therefore, that counsel's performance was deficient or that he was prejudiced by counsel's performance. Accordingly, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**.

BACKGROUND

1. **Course of Proceedings**

On December 1, 2010, a one-count indictment was returned in this Court charging Petitioner with distributing more than five grams of crack cocaine in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(B)(iii) and 18 U.S.C. § 2. Doc. 1. On March 31, 2011, the Government filed a notice of intent to enhance Petitioner's sentence pursuant to 21 U.S.C. § 851. Doc. 20. Because Petitioner had a prior conviction for felony possession of cocaine, he was subject to a sentencing enhancement pursuant to 21 U.S.C. § 926, which provides that a defendant is subject to a term of imprisonment twice that otherwise authorized if the offense is a second offense. 21 U.S.C. §§ 926(a)-(b). On June 2, 2011, Petitioner entered into a plea agreement with the Government agreeing to plead guilty to indictment as charged. Doc. 24. Pursuant to the terms of the plea agreement, the Government dismissed the notice of intent to enhance Petitioner's sentence on June 16, 2011. Doc. 27.

Prior to Petitioner's sentencing, the United States Probation Office prepared a Presentence Investigation Report (PSR) on September 1, 2011. Using the United States Sentencing Guidelines Manual (Guidelines), the PSR determined that Petitioner had a base offense level of 26. PSR at ¶ 14. Following a three-level reduction for acceptance of responsibility, Petitioner's total offense level was 23. Id. at ¶¶ 21-23. The PSR also found that Petitioner had six criminal history points. Id. at ¶ 45. Because Petitioner was on probation at the time he committed the offense, however, two points were added pursuant to U.S.S.G. §

4A1.1(d), giving Petitioner eight criminal history points and a criminal history category of IV. Id. Based on a total offense level of 23 and criminal history category of IV, Petitioner's Guideline range was 70-87 months.

On September 20, 2011, Petitioner appeared for sentencing. Doc. 48. Although he did not object to the PSR's findings, Petitioner argued at sentencing that the circumstances of his case warranted a sentence of 60 months imprisonment. Id. at 3. The Court rejected Petitioner's argument and sentenced Petitioner to 73 months imprisonment followed by five years of supervised release. Id. at 5. Judgment was entered on September 22, 2011. Doc. 33. Petitioner did not file an appeal. On June 4, 2012, Petitioner filed his initial Section 2255 motion. Doc. 39. On October 31, 2012, Petition filed his amended Section 2255 motion clarifying his initial motion and adding additional grounds.[1] Doc. 43.

**2. The Plea Agreement**

On June 2, 2011, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count One of the indictment charging him with distributing more than five grams of crack cocaine. Doc. 24. By signing the plea agreement, Petitioner agreed that he understood the following: (1) that he was knowingly and voluntarily entering a plea of guilty to Count One charging him with distribution of crack cocaine; (2) that **his guilty plea subjected him to a mandatory minimum of five years up to forty years imprisonment**; (3) that **the Court was not bound by any sentencing estimates provided by Petitioner's counsel or the Government**; (4) that he would not be able to withdraw his plea because he received an estimated guideline range from his counsel or the government that was different than that

---

[1] In his initial motion, Petitioner raises one ground alleging that the Court wrongfully applied a two-level recency enhancement. It is unclear from the motion, however, whether the claim is brought as an ineffective assistance of counsel claim. Petitioner's amended motion clarifies that he intends to bring his claims as ineffective assistance of counsel claims.

3

computed in his PSR; (5) that the Court would not be able to determine the appropriate guideline range until after a PSR was completed; (6) that the Court had the authority under certain circumstances to impose a sentence that was more or less severe than the sentence called for by the guidelines; and (7) that he waived his right to appeal or collaterally attack his sentence except in limited circumstances. Id. at ¶¶ 3(A)-(H) (emphasis added). The plea agreement also stated that "[n]othing herein limits the sentencing discretion of the Court." Id. at ¶ 5.

In exchange for Petitioner's guilty plea, the Government agreed to dismiss the previously filed notice of intent to enhance penalty. Id. at ¶ 4(B). The Government also agreed to recommend that Petitioner receive a downward adjustment in the Guidelines range if he affirmatively manifested an acceptance of responsibility. Id. at ¶4(E). Additionally, the plea agreement stated that Petitioner might receive the benefits of a substantial assistance motion pursuant to Section 5K1.1 of the Sentencing Guidelines or Rule 35(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE if Petitioner fully cooperated with the Government. Id. at ¶ 4(B).

The plea agreement stipulated the facts giving rise to Count One of the indictment. Id. at ¶ 7. The parties stipulated that on or about June 8, 2010, a confidential informant called Petitioner and arranged a sale of crack cocaine. Id. Petitioner then met the informant in Macon, Georgia, where Petitioner sold the informant 36 grams of crack cocaine. Id.

The plea agreement was signed by Petitioner and his attorney. By signing the agreement, Petitioner confirmed that he discussed the agreement with his attorney, that he fully understood the agreement, and that he agreed to all terms of the agreement. Doc. 24.

## DISCUSSION

Petitioner alleges three grounds of ineffective assistance of counsel.[2] Petitioner contends that his counsel was ineffective for (1) misinforming Petitioner regarding a two-point recency enhancement and his estimated sentencing range; (2) failing to object to the two-point recency enhancement and therefore allowing Petitioner to be wrongfully sentenced to a range of 70-87 months imprisonment, and (3) failing to object to the Government's alleged breach of the plea agreement based on the application of the two-point recency enhancement. Despite Petitioner's contentions, the record shows that the Court applied the two-point enhancement because Petitioner was on probation at the time he committed the offense, not because he committed the offense less than two years after release from imprisonment. Because it is undisputed that Petitioner was on probation at the time of his offense, the two-point enhancement applied to Petitioner. Petitioner has failed to show, therefore, that counsel's performance was deficient or that he was prejudiced by counsel's performance.

All of Petitioner's grounds for relief are based on claims of ineffective assistance of counsel. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970). To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984);

---

[2] Petitioner's amended motion lists four nearly identical grounds, all involving ineffective assistance of counsel and the alleged application of a two-point recency enhancement. Upon review of Petitioner's amended motion and memorandum, the Court discerns three distinct arguments involving ineffective assistance of counsel and the application of a two-point sentencing enhancement.

Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that counsel's performance was reasonable and the challenged action constituted sound strategy. Id. In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

An evidentiary hearing is not necessary in this case. Petitioner has the burden to establish the need for an evidentiary hearing, and the Court is not required to hold an evidentiary hearing where the record makes "manifest the lack of merit of a Section 2255 claim." United States v.

Lagrone, 727 F.2d 1037, 1038. (11th Cir. 1984). As explained below in addressing each of Petitioner's grounds for relief, the files and records in this case are sufficient to show that Petitioner's claims are without merit, and no evidentiary hearing is necessary.

1. The length of Petitioner's sentence

Petitioner contends that counsel was ineffective for misinforming him regarding the two-point recency enhancement and failing to predict his sentence. Accepting Petitioner's allegations as true, Petitioner is not entitled to relief on a claim of ineffective assistance of counsel for counsel's failure to accurately predict Petitioner's sentence. Where, as here, a defendant "pleads guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Counsel's mistaken estimate regarding the sentencing guidelines or erroneous sentence estimate does not constitute deficient performance. Cuevas v. United States, 2012 WL 1883761 at * 3 (citing United States v. Himick, 139 Fed. Appx. 227, 229 (11th Cir. 2005). Moreover, the Eleventh Circuit has made it clear that counsel's failure to predict a defendant's ultimate sentence does not amount to prejudice when the defendant is properly warned of his minimum and maximum penalties by the court. See, e.g., United States v. Pease, 240 F.3d 938, 941-42 (11th Cir. 2001).

Although Petitioner contends that he was misinformed regarding his potential sentencing enhancement and Guidelines range, the record shows that Petitioner was informed of the length of time that he could be incarcerated and the consequences of his guilty plea. At the change of plea hearing, the Court ensured that Petitioner was aware of the consequences of his plea and that he could not rely on any estimates provided by his counsel or the Government. Doc. 47. After informing Petitioner that he faced a statutory mandatory penalty of five to forty years imprisonment, the Court stated:

> THE COURT: Do you understand that the Court will not be able to determine the advisory guideline sentence for your case until after the presentence report has been completed?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand that based upon the Court's findings of fact, the sentence imposed may be different from any estimate your attorney may have given you.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand, therefore, that you should not plead guilty based on any estimate anyone has given you about the sentencing guideline range that might apply to you?
>
> THE DEFENDANT: Yes, sir.

Id. at 10-11. The Court clearly informed Petitioner that he was potentially subject to a longer sentence than was predicted by his counsel. As such, any defect in counsel's failure to predict Petitioner's sentencing guideline range was cured by the Court during the change of plea hearing. Additionally, as discussed below, a two-level recency enhancement was not applied in Petitioner's case. Accordingly, Petitioner has failed to show that counsel was ineffective.

Moreover, Petitioner has failed to show that he was prejudiced by counsel's performance. As discussed above, to establish prejudice in the context of a guilty plea, a petitioner must show that, but for counsel's performance, he would have insisted on proceeding to trial. Hill, 474 U.S. at 58-59. Petitioner has given no indication that he would have insisted on proceeding to trial. In his initial and amended motions, Petitioner merely requests to be resentenced without the two-level recency enhancement. As such, Petitioner has failed to show that there was a reasonable probability that he would have insisted on proceeding to trial.

2. <u>The "recency" enhancement/amendment</u>

Petitioner has failed to show that counsel was ineffective for failing to object to the two-level enhancement. The Guidelines calculate a defendant's criminal history category using the framework set out in U.S.S.G. § 4A1.1. Prior to November 1, 2010, the Guidelines required a two-point recency enhancement "if the defendant committed the instant offense less than two years after release imprisonment…." U.S.S.G § 4A1.1(e) (2009). Effective November 1, 2010, the Guidelines eliminated the two-point recency enhancement pursuant to Amendment 742 of the Guidelines. <u>See</u> U.S.S.G. Appx. C, Amend 742; <u>United States v. Medrano</u>, 429 Fed. Appx. 930, 932 n. 1 (11th Cir. 2011). As such, the two-point recency enhancement was not applicable to defendants sentenced after November 1, 2010.

Amendment 742 did not, however, apply to U.S.S.G § 4A1.1(d). Section 4A1.1(d) requires a two-point enhancement "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(d). The Commentary to Amendment 742 clarifies that U.S.S.G. §§ 4A1.1(a)-(d) and (f) "remain included in the criminal history score after the amendment." U.S.S.G. Appx. C, Amend 742.

In this case, the Court correctly applied the two-point enhancement pursuant to U.S.S.G. § 4A1.1(d). The criminal history computation of Petitioner's PSR states "[a]s the defendant was on probation at the time the instant offense was committed, an additional two points are added pursuant to USSG § 4A1.1(d)." PSR at ¶ 45. There is nothing in the record to indicate that the recency enhancement was applied in Petitioner's case. The record shows that, at the time Petitioner committed the instant offense, he was serving probation for a possession of cocaine conviction in Bibb County, Georgia. PSR at ¶ 43. Moreover, Petitioner has failed to allege that

the two-level enhancement due to his committing the offense while on probation was misapplied. Accordingly, Petitioner has failed to show that counsel was ineffective for failing to object to the two-point enhancement.

  3. The Government's alleged breach of the plea agreement

Petitioner contends that counsel was ineffective for failing to object to the Government's breach of the plea agreement based on the application of the two-point recency enhancement. As discussed above, the recency enhancement was not applied. Petitioner's allegation that the Government breached the plea agreement is therefore without merit, and counsel was not ineffective for failing to object to an alleged breach.

The record shows that the Government in fact adhered to the terms of the plea agreement. As agreed upon in the plea agreement, the Government withdrew its notice to enhance Petitioner's sentence pursuant to 21 U.S.C. § 851. The Government also filed a motion for an additional decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and Petitioner was given a three-level reduction for acceptance of responsibility. At sentencing, Petitioner expressed his desire not to get others involved with his case and therefore did not intend to take advantage of the opportunity to provide substantial assistance to the Government. Because there is no indication that the Government breached the terms of the plea agreement, Petitioner has failed to show that counsel was ineffective for failing to object to an alleged breach of the agreement.

## CONCLUSION

Because Petitioner has failed to show that he received ineffective assistance of counsel, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**. In addition, and pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255

Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (14) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 30th day of April, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge